IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>COREY JAY HAYGOOD, | CR No. 3:14-68-JFA<br><br><br>**MEMORANDUM, OPINION, &<br>ORDER** |

This matter is before the court on defendant Corey Haygood's motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). (ECF No. 113). Defendant argues certain changes in the law have produced a gross disparity between the sentence imposed at his original sentencing and the sentence likely to be imposed under the change in the law. For the reasons stated below, Defendant's motion is denied.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Following a detailed investigation, agents with the Federal Bureau of Investigation executed a search warrant on Haygood's residence and seized approximately $12,000 in U.S. currency, 43 grams of crack cocaine, 132 grams of cocaine, an AK- 47 assault rifle, a 7.62 x 39 magazine loaded with 11 rounds of ammunition, and Smith and Wesson .40 caliber handgun, and a .40 caliber magazine loaded with 15 rounds of .40 caliber ammunition. (Haygood PSR ¶ 29). Based on the investigation, Haygood was held accountable for 203 grams of crack cocaine and 1,316 grams of cocaine. (Haygood PSR ¶ 36).

1

Haygood was charged in a five-count indictment with drug and firearm offenses. (ECF No. 22). On June 11, 2014, Haygood pled guilty, pursuant to a written plea agreement, to Counts One and Three of the indictment, which charged conspiracy to possess with intent to distribute and distribute 500 gram or more of cocaine and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 ("Count One") and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) ("Count Three"). (ECF No. 48). Haygood was designated a career offender based on his prior convictions for controlled substance offenses. (Haygood PSR ¶¶ 47, 52, 64). Haygood therefore faced an advisory guidelines range of 262 to 327 months on Count One and a sixty-month consecutive sentence for Count Three. (Haygood PSR ¶ 109). On September 24, 2014, this court sentenced Haygood to a total term of imprisonment of 322 months, which consisted of 262 months on Count One and a consecutive sixty-month term of imprisonment on Count Three. (ECF No. 61). Haygood has now served more than 10 years of that twenty-six-year sentence.

Haygood is now back before the court on his fourth motion to reduce his sentence. On April 24, 2020, Haygood filed a motion with this court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground of the proliferation of COVID-19. (ECF No. 85). The court denied Haygood's motion without prejudice, concluding he failed to show that he exhausted administrative remedies prior to filing his motion. (ECF No. 87).

On June 11, 2020, Haygood filed a second motion for compassionate release claiming his alleged medical condition of Spontaneous Pneumothorax made him particularly vulnerable to becoming seriously ill from COVID. (ECF No. 89). The

Government conceded Haygood exhausted administrative remedies, but nevertheless concluded Haygood's motion should be denied on the merits. (ECF No. 92). On July 8, 2020, the court issued a written order denying Haygood's motion. (ECF No. 93).

On November 19, 2020, Haygood filed a third motion for compassionate release, again relying upon his medical condition of Spontaneous Pneumothorax as well as a non-treating physician's speculation that Haygood "likely" suffered from hypertension that was not being treated. (ECF No. 97). Haygood also argued that compassionate release was warranted so he could care for his mother. *Id*. On February 3, 2022, the court issued yet another written order denying Haygood's motion. (ECF No. 112). Despite holding that Haygood had demonstrated an "extraordinary and compelling" reason for release, the court nevertheless concluded that Haygood's criminal conduct and consideration of the § 3553(a) factors still weighed against Haygood's release. *Id*.

On January 29, 2024, Haygood filed the motion now pending before the court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that in light of intervening changes in the law, his career-offender designation is no longer valid and that if he were sentenced today, he would face a lower Guidelines range. Haygood also contends that his § 924(c) conviction is no longer valid.

## II.     LEGAL STANDARD

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v.*

3

*Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id.* at 195.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. U.S.S.G. § 1B1.13(b). Subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for a sentencing.[1]

### III.     DISCUSSION

To support his motion for a sentence reduction, Defendant primarily invokes subsection (b)(6) of the policy statement. *See* U.S.S.G § 1B1.13(b)(6). This subsection recognizes that a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence if: (a) the defendant is serving an unusually long sentence; (b)

---

[1] The Government does not raise the issue of exhaustion. Therefore, the court deems it appropriate to proceed to the merits of Defendant's motions. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) ("Because the [exhaustion] requirement [under § 3582(c)(1)(A)] is not jurisdictional, it may be waived or forfeited.").

4

the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6).

The basis of Haygood's motion is his belief that he is no longer a "career offender" as defined in the Sentencing Guidelines and his sentencing range, if sentenced today, would be drastically lower than the one applied at his original sentencing.[2] The Government appears to concede that Haygood, if sentenced today, would not be considered a career offender because conspiracy to distribute cocaine is no longer an offense triggering the career offender designation.[3] Both Haygood and the Government are only half right.

The Government and Haygood assert that, without his career offender designation, Haygood would have a Guidelines range of 140 months to 175 months as to Count One. His consecutive § 924(c) conviction would add an additional 60 months, thereby bringing his Guidelines range to 200 months to 235 months. However, as discussed below, these calculations are not entirely correct.

Haygood is correct that his conviction for conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine and 28 grams or more of cocaine base is no longer considered a "controlled substance offense" which would trigger the

---

[2] Haygood also avers that his 924(c) charge is now invalid because the underlying offense was the inchoate crime of conspiracy. (ECF No. 113). Haygood is mistaken. Count Three of the indictment charges Haygood with possessing firearms "in furtherance of drug trafficking crimes, those being possession with intent to distribute cocaine and cocaine base." (ECF No. 22, p. 3). Accordingly, this argument is without merit.

[3] The Government advances several other arguments as to why the court should deny Haygood's motion. Because Haygood's motion fails on the merits, the court declines to address any of the Government's alternative arguments.

career offender designation. *See United States v. Norman*, 935 F.3d 232 (4th Cir. 2019)(agreeing "that because the definition of 'conspiracy' in 21 U.S.C. § 846 is broader than the definition of the generic crime of conspiracy, [a] conspiracy conviction does not qualify as a 'controlled substance offense' under the Guidelines."). However, both parties ignore the fact that Haygood also pled guilty to possession of firearms in furtherance of drug trafficking in violation of § 924(c). This conviction still allows for Haygood's classification as a career offender as it was based on the offense of drug trafficking. U.S.S.G. § 4B1.1(c)(2)(A); *see also* U.S.S.G. § 4B1.2 Application note 1 ("A violation of 18 U.S.C. § 924(c) or § 929(a) is a 'crime of violence' or a 'controlled substance offense' if the offense of conviction established that the underlying offense was a 'crime of violence' or a 'controlled substance offense'.") However, Haygood's sentencing range would still be lower if sentenced today.

Taking a fresh look at Haygood's convictions under the standards that would apply today, it appears that the conspiracy charge in Count One results in a total offense level 29[4]. When combined with the now applicable criminal history category V, the resulting guideline range is 140 to 175 months before considering Haygood's § 924(c) conviction.

As stated, this § 924(c) charge is a career offender triggering offense pursuant to U.S.S.G. § 4B1.1(c)(2)(A) and (B). Per this guideline, as there are multiple counts, the guideline range is the greater of 60 months plus the otherwise applicable guideline range

---

[4] Consistent with the calculations utilized in his original PSR, this determination includes a "stash house" enhancement and a reduction for acceptance of responsibility. (Haygood PSR p. 23-24) (30 base offense level + 2 stash house enhancement – 3 for acceptance of responsibility = 29).

6

of 140 to 175 months which is 200 to 235 months, or the table found at (c)(3). In this case, the table found at U.S.S.G. § 4B1.1(c)(3) states the guideline range for someone who receives credit for acceptance is 262 to 327 months. Because this 262 to 327 range is higher than the otherwise applicable range of 200 to 235 months, it becomes Haygood's operative range.

Ultimately, if sentenced today, Haygood would still qualify as a career offender given the § 924(c) conviction. And the overall guideline range for these offenses, if he were sentenced today, would be 262 to 327 months. Haygood's current sentence of 322 months was issued based on an original guidelines range of 262 to 327 months for Count One to which a consecutive 60 months was added for Count Three. Thus, Haygood's current sentence of 322 months is well within the now-applicable guideline range of 262-327 months. Because of this, the court cannot conclude that Haygood's current sentence is "unusually long" or that the change would produce a "gross disparity" between the sentence likely to be imposed. *See United States v. Curry*, 2024 WL 203231, at *3 (W.D.N.C. Jan. 18, 2024) (Cogburn, J.) ("The one-month difference between Mr. Curry's actual sentence and the 150-month maximum sentence he would receive under today's Guidelines is not a 'gross disparity.'"). Thus, the court concludes that Defendant's motion fails to state an extraordinary and compelling reason for a sentence reduction because his current sentence is still within the appropriate guidelines range if sentenced today. That determination is fatal to Haygood's motion it must therefore be denied. Accordingly, there is no need to further discuss the applicable § 3553(a) factors.

## IV.     CONCLUSION

For all of the reasons stated above, Haygood has failed to offer any extraordinary or compelling reason which would justify a reduction in his current sentence. Accordingly, his motion (ECF No. 113) is denied.

IT IS SO ORDERED.

March 25, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge